92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Javier E. RAMIREZ-ALTAMIRANO; Elsa Del Carmen Lazo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70436.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Ramirez-Altamirano and Elsa del Carmen Lazo, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 
 3
 We review the factual findings underlying the BIA's decision for substantial evidence and we "will reverse only if the evidence presented to the BIA was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 479, 483 (1992)). We review de novo the BIA's determination of purely legal questions. Id. at 190-91. Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 To establish eligibility for asylum, an applicant must demonstrate that he or she has a well-founded fear of persecution on account of his or her race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of persecution, the applicant must show that his or her fear is both subjectively genuine and objectively reasonable. See Abedini, 971 F.2d at 191.
 
 
 5
 Ramirez-Altamirano bases his claim for asylum upon: (1) his activities distributing propaganda for the anti-Sandinista Nicaraguan Democratic Movement ("MDN"); (2) his 5-6 day arrest by the Sandinista police for operating his business without a license and for carrying United States currency; (3) his father's former membership in the Somoza National Guard and brief detention after the 1979 revolution; and, (4) the Sandinistas' continued control in the Nicaraguan government.
 
 
 6
 Substantial evidence supports the IJ's finding that Ramirez-Altamirano did not establish a well-founded fear of persecution by the Sandinistas on account of his political opinion. First, Ramirez-Altamirano's arrest for operating a business without a license and possessing United States currency does not amount to persecution. See Mabugat v. INS, 937 F.2d 426, 429 (9th Cir.1991) ("A criminal prosecution normally will not be 'persecution' absent some improper government motive for pursuing the matter."). Ramirez-Altamirano's claim that he did not obtain a license because doing so would have required him to join a Sandinista organization does not convert his arrest into persecution, because the law requiring licenses was generally applied. See Abedini, 971 F.2d at 191; see also Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996). Ramirez-Altamirano's contention that he was detained based upon a political opinion falsely attributed to him is contradicted by his testimony that while he was detained he was not questioned about his political affiliation.[1] Cf. Aguilera-Cota v. INS, 914 F.2d 1375, 1379 (9th Cir.1990). The fact that Ramirez-Altamirano was not physically harmed while detained further supports the IJ's finding. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995)
 
 
 7
 Second, because Ramirez-Altamirano did not show that his detention followed a pattern of persecution tied to his father's service in the Somoza regime and his father's 6 hour detention shortly after the revolution, Ramirez-Altamirano did not establish a well-founded fear of persecution based upon his family ties. See Prasad, 47 F.3d at 340. Moreover, evidence that his father and several of his other relatives continue to live unharmed in Nicaragua substantially supports the IJ's finding. See Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996); Estrada v. INS, 775 F.2d 1018, 1022 (9th Cir.1985).
 
 
 8
 Third, although the evidence Ramirez-Altamirano submitted shows continued human rights abuses of anti-Sandinistas in Nicaragua, it does not show the type of particularized individual persecution required before asylum will be granted. See Prasad, 47 F.3d at 340.
 
 
 9
 Given the evidence presented, we cannot say that a reasonable factfinder would be compelled to conclude that Ramirez-Altamirano would be subject to persecution. See Abedini, 971 F.2d at 191. Accordingly, we affirm the BIA's denial of asylum.[2] Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we similarly affirm the BIA's denial of withholding of deportation.[3] See Prasad, 47 F.3d at 340.
 
 PETITION FOR REVIEW DENIED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ramirez-Altamirano's testimony regarding an incident during his four-year stay in Honduras, after which he returned to Nicaragua, wherein the Honduran police detained him for 6 days and accused him of being a spy does not establish that he has a well-founded fear of persecution in Nicaragua. See 8 C.F.R. § 208.13(b)(2) (requiring that an applicant for asylum show that he has a "fear of persecution in his country of nationality or last habitual residence")
 
 
 [2]
 To the extent Ramirez-Altamirano argues he is eligible for asylum based on past persecution, this contention lack merit. Cf. Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) (finding past persecution where petitioner was arrested three times, severely beaten on several occasions, and directly fired upon)
 
 
 [3]
 Because Ramirez-Altamirano has not prevailed on appeal, his request for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is denied. See Prasad, 47 F.3d at 340
 
 
 [4]
 Elsa del Carmen Lazo's claims for asylum and withholding of deportation are derivative of Ramirez-Altamirano's claims as his spouse, see 8 U.S.C. § 1158(c), and are denied